**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4334**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

GARY CHRISTOPHER JOHNSON, a/k/a G-Money,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.   Norman K. Moon, District Judge.  (3:08-cr-00010-nkm-1)

Submitted:  July 30, 2010          Decided:  August 10, 2010

Before TRAXLER, Chief Judge, and NIEMEYER and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, Craig J. Jacobsen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia; Lanny A. Breuer, Assistant Attorney General, Greg D. Andres, Acting Deputy Assistant Attorney General, Thomas E. Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Christopher Johnson was convicted following a jury trial of causing the death of another in the course of using a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(j), along with related offenses of conspiring to distribute and possess with intent to distribute cocaine, in violation of 18 U.S.C. §§ 846 & 841(a)(1), and of possession of a stolen firearm that had been transported in interstate commerce, in violation of 18 U.S.C. § 922(j). On appeal, Johnson challenges his conviction and sentence to life imprisonment under § 924(j), based upon the sufficiency of the evidence. Finding no reversible error, we affirm.

I.

In February 2006, Gary Johnson was staying with his cousin, Curtis Waldron, and Waldron's girlfriend, Katherine Howard, in their house in Gordonsville, Virginia. Waldron was a drug dealer who kept large amounts of cash and cocaine, as well as several weapons, in the house. On February 21, 2006, Johnson and Justin Harris, another man staying at the same house, decided to flee to New York while Howard and Waldron were away. They stole cocaine, a large amount of cash, and two guns from the house, and absconded in Howard's van. Johnson placed the

3

drugs, money and one gun (a MAC-11 machine pistol) in a backpack and kept the other gun (a .357 Glock handgun) in his waistband.

As the two men were driving away from the house, Howard passed them on the road in the opposite direction in another car. Recognizing her van, she turned and followed them while waving and screaming for them to pull over. Johnson pulled the van over. Howard pulled behind the van and got out of her vehicle. As she approached Johnson, he shot her to death with the Glock handgun. The two men then fled to New York via Harrisburg, Pennsylvania. Along the way, they sold some of the stolen drugs and split the cash between themselves.

## II.

Johnson contends that there was insufficient evidence to support his conviction under 18 U.S.C. § 924(j). This court reviews the district court's ruling on a motion for judgment of acquittal de novo and "will uphold the verdict if, viewing the evidence in the light most favorable to the government, it is supported by substantial evidence." United States v. Reid, 523 F.3d 310, 317 (4th Cir. 2008). Substantial evidence is "'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Alerre, 430

4

F.3d 681, 693 (4th Cir. 2005), quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1995).

Under 18 U.S.C. § 924(j), a defendant may be sentenced to death or life imprisonment if the defendant "in the course of a violation of subsection (c), causes the death of a person through the use of a firearm" by murder or manslaughter. Section 924(c) makes it an offense to use or carry a firearm "during and in relation to" a drug trafficking crime. 18 U.S.C. § 924(c)(1). See Dean v. United States, 129 S. Ct. 1849, 1852 (2009). "We have previously explained that the 'in relation to' requirement is to be construed liberally, and is satisfied by proof that the 'firearm has some purpose or effect with respect to the drug trafficking crime. The gun at least must facilitate or have the potential of facilitating the drug trafficking offense.'" Reid, 523 F.3d at 318, quoting United States v. Lipford, 203 F.3d 259, 266 (4th Cir. 2000). The presence of the firearm by accident or coincidence is not sufficient, but "it is enough for § 924(c)(1) purposes if the firearm was present for protection or to embolden the actor." Reid, 523 F.3d at 318 (internal quotations and citations omitted); see also Dean, 129 S. Ct. at 1854.

Johnson contests neither his use of the firearm to murder Howard nor his conviction for drug trafficking. Rather, he maintains that he is not guilty of violating § 924(j) because

5

there is insufficient evidence that his use of the firearm to kill Howard was "in relation to" his drug trafficking offense and because the murder of Howard was not directly related to his intent to distribute the drugs. We disagree. According to the testimony at trial, Johnson placed the Glock in his waistband and kept it on his person while driving the stolen drugs to Pennsylvania and New York. A reasonable jury could have found that Johnson carried the gun in his waistband to protect himself during these drug trafficking activities, and that Johnson shot Howard when she presented an obstacle to his attempt to flee with the stolen drugs.

## III.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6